UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRE B. YOUNG,

        Plaintiff,

v.

JOSEPH LEHMAN,

        Defendant.

Case No. C04-5826FDB

REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S I.F.P. APPLICATION

Noted for June 3, 2005

    The court has reviewed petitioner's application for leave to proceed *in forma pauperis* (Doc. 1) and plaintiff's response to the court's order to show cause. The court finds and recommends:

    (1). Plaintiff's application indicates that has a monthly income of approximately $300.00, earning approximately $150.00 every other week..

    (2). The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D.

639 (M.D.Pa. 1974).

(3) On December 10, 2004, the court reviewed plaintiff's application and found that the information provided was inadequate to make a decision. The court directed plaintiff to provide further information, specifically with regard to his monthly income, savings, and debt of approximately $25,000.00.

In response to the court's order, plaintiff's mother, Minnie Young, wrote the clerk a letter with bank and financial records attached thereto. The financial records are not detailed. Petitioner takes the position that the money he makes at the institution is sent to his mother, who pays his bills. Purportedly, the information indicates a debt of approximately $30,000.00 is owed on credit to four or five financial businesses. With the exception of an account with Bank of America, the information does not state Mr. Young is the individual responsible for the debt. The financial information does not reflect what was purchased and when it was purchased.

Mr. Young is in custody of the state, and as such most of his essential needs are provided. Given, plaintiff's monthly income, and the lack of detail regarding his alleged debt, plaintiff has not shown that he is unable to pay the full filing fee ($150.00).

(4) Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 3, 2005**, as noted in the caption.

DATED this 9th day of May, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge